**UNITED STATES OF AMERICA,**
**Plaintiff,**

v.

**Peter T. LAI, Defendant.**

**No. 99 CR. 1272.**

United States District Court,
S.D. New York.

Oct. 27, 2006.

Robert Russell Strang, U.S. Attorney's Office, SDNY, New York City, for Plaintiff.

### DECISION AND ORDER

MARRERO, District Judge.

By letter dated October 10, 2006, defendant Peter Lai ("Lai") has applied to the Court, pursuant to Fed. R. Cr. P. 32.1(c), to terminate his three-year term of supervised release, which commenced upon Lai's release on December 28, 2004 from a 30–month sentence of incarceration for fraud in foreign currency trading. Thus, Lai has approximately 14 months remaining of supervised release on his sentence. As grounds for this request, Lai points to evidence he asserts demonstrates exceptionally good behavior or other circumstances warranting relief, including that he is now 70 years old and in failing health, and that he wishes to return to family in Taiwan. The Government has opposed Lai's request. Upon consideration of the application and the Government's response, the Court denies the application.

The Court is not persuaded that the circumstances Lai describes are sufficient to meet the standard articulated by the Second Circuit in *United States v. Lussier* to justify modification or termination of supervised release. *See* 104 F.3d 32, 35 (2d Cir.1997) (noting that 18 U.S.C. § 3583(e)(2) "requires the court to consider general punishment issues … when it decides to 'modify, reduce, or enlarge' the term or conditions of supervised released.") Here, the Court considers that Lai was convicted of fraud involving 150 victims and a loss in excess of $2 million, of which, as the Government points out, Lai has paid only a nominal amount (approximately $10,330) in restitution.

Because the denial of this application does not unfavorably modify his existing terms of supervised release, Lai is not entitled to a hearing pursuant to Fed. R. Cr. P. 321(c).

**SO ORDERED.**